## Posner v. A-1 Discount Co.

*Fox, Rothschild, O'Brien & Frankel,* for plaintiff.
*Dorfman & Pechner,* for defendant.

LEVINTHAL, J., May 12, 1958.—This is an action in equity brought by a trustee to recover certain shares of stock which, it is alleged, were given as security for a loan advanced by the trust. Plaintiff brought the action in his own name as trustee. The names of the beneficiaries of the trust are not set forth either in the caption or in the body of the complaint. Defendant has filed preliminary objections in which it contends that this failure to name the beneficiaries

makes the complaint insufficiently specific. Apparently, defendant hopes to prove that the obligation which the stock secured was discharged by payment directly to the beneficiaries of the trust and, therefore, argues that before it can answer the complaint, it needs to know the names of the beneficiaries.

We have no doubt but that defendant is entitled to this information. The question is whether this is the proper way to obtain it. While there does not appear to be any case on point, it is our opinion that in an action to enforce an obligation owing to a trust, it is not necessary to name the beneficiaries of the trust in the complaint so long as the trustee indicates that he is suing in a fiduciary capacity. See Pa. R. C. P. 2002. The names of the beneficiaries may and often will be immaterial. Moreover, if there are numerous beneficiaries, it would be onerous to require that all their names be listed in the complaint. In the instant case, the names of the beneficiaries become material only because defendant seeks to advance the defense of payment. This is an affirmative defense which defendant must both plead and prove. See Pa. R. C. P. 1030. In such circumstances, it would be better procedure for defendant to obtain the desired information by discovery and introduce the names into the pleadings via new matter.

Defendant argues that it should not be put to the burden and expense of resorting to discovery. We sympathize with this concern over the high cost of litigation, but this is hardly a reason for dispensing with orderly procedure. Moreover, it seems to us that written interrogatories would have been both less expensive and less burdensome than these preliminary objections.

Defendant's preliminary objections are dismissed. Defendant has 20 days from the date hereof in which to plead over.